UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. EDCV 25-1855 WLH (PVC) | Date: August 25, 2025 |
| Title William Martin Delano v. Martin Gamboa, Warden | |

Present: The Honorable **Pedro V. Castillo**, United States Magistrate Judge

| Marlene Ramirez | None |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None | None |

**PROCEEDINGS:** **[IN CHAMBERS] ORDER TO SHOW CAUSE WHY THE MAGISTRATE JUDGE SHOULD NOT RECOMMEND THAT THIS ACTION BE DISMISSED BECAUSE IT IS UNTIMELY AND COMPLETELY UNEXHAUSTED**

On July 10, 2025, Petitioner, a California state prisoner proceeding pro se, constructively filed a habeas petition pursuant to 28 U.S.C. § 2254. ("Petition," Dkt. No. 1 at 8).[1] The Petition raises two grounds for federal habeas relief: (1) trial counsel's deficient performance deprived Petitioner of his due process rights; and (2) ineffective assistance of appellate counsel.[2] (*Id.* at 5–6). (*Id.* at 3–4). However, it appears that

---

[1] Under the "mailbox rule," a pleading filed by a *pro se* prisoner is deemed to be filed as of the date the prisoner delivered it to prison authorities for mailing to the court clerk, not the date on which the pleading may have been received by the court. *See Houston v. Lack*, 487 U.S. 266, 270 (1988).

For ease of reference, when citing to Petitioner's submissions, the Court relies on the CM/ECF-generated pagination on the Court's docket.

[2] Petitioner also contends that he is entitled to AEDPA tolling (Pet. at 5), but this is not a separate ground for habeas relief.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   EDCV 25-1855 WLH (PVC)                               Date:  August 25, 2025

Title       William Martin Delano v. Martin Gamboa, Warden

Petitioner's claims are subject to dismissal because they are untimely and completely unexhausted.

### **Timeliness**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") applies to the instant Petition because Petitioner filed it after AEDPA's effective date of April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997).  AEDPA altered federal habeas litigation by imposing a specific time limit on the filing of federal habeas petitions.  *See Rhines v. Weber*, 544 U.S. 269, 274 (2005).  By creating a limitations period, Congress intended "to reduce delays in the execution of state and federal criminal sentences." *Woodford v. Garceau*, 538 U.S. 202, 206 (2003).

Under 28 U.S.C. § 2244(d)(1), as amended, state prisoners have only one year in which to file their federal habeas petitions.  AEDPA's one-year limitations period begins to run from the latest of:

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 25-1855 WLH (PVC)                                    Date:  August 25, 2025

Title   William Martin Delano v. Martin Gamboa, Warden

28 U.S.C. § 2244(d)(1)(A)–(D).  Here, the applicable limitations period is that set forth in § 2244(d)(1)(A).

A petitioner ordinarily has one year from the date that his conviction becomes final to file a federal habeas petition.  *See* 28 U.S.C. § 2244(d)(1)(A).  A case becomes final with "the conclusion of direct review or the expiration of the time for seeking such review."  *Id*.  According to the Petition, Petitioner was convicted on April 7, 2019, in San Bernardino County Superior Court case no. FWV17004752, for robbery and evading arrest.  (Pet. at 2).  On May 17, 2019, Petitioner was sentenced to an in determinative term of 156 years to life.  (*Id.*).  Petitioner appealed his conviction to the California Court of Appeal, which affirmed on November 16, 2020.  *See* California Appellate Courts Case Information, case no. E073022.[3]  Thereafter, Petitioner filed a petition for review in the California Supreme Court, which denied review on January 27, 2021.  Cal. Case Info., case no. S266220.  Petitioner did not appeal to the United States Supreme Court.  Thus, Petitioner's state conviction became "final" 90 days later, *i.e.*, on **April 27, 2021**, and his limitations clock began to tick.  *See* 28 U.S.C. § 2244(d)(1)(A); *Zepeda v. Walker*, 581 F.3d 1013, 1016 (9th Cir. 2009) ("The period of direct review after which a conviction becomes final includes the 90 days during which the state prisoner can seek a writ of certiorari from the United States Supreme Court.").  Accordingly, absent tolling, the 28 U.S.C. § 2244(d)(1) limitations period began to run the next day and expired one year later, on **April 27, 2022.**  The instant Petition was not filed until July 10, 2025.  Therefore, absent tolling, it is untimely by over three years.

AEDPA provides a statutory tolling provision which suspends the limitations period for the time during which a "properly filed" application for post-conviction or

---

[3] The dockets (and some opinions) of the California Courts of Appeal and the California Supreme Court are available at https://appellatecases.courtinfo.ca.gov/index.cfm ("Cal. Case Info."). *See Porter V. Ollison*, 620 F.3d 952, 955 n.1 (9th Cir. 2010) (taking judicial notice of court dockets, including those available on the internet, from petitioner's state court proceedings).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 25-1855 WLH (PVC)                               Date:  August 25, 2025

Title      William Martin Delano v. Martin Gamboa, Warden

other collateral review is "pending" in state court.  28 U.S.C. § 2244(d)(2); *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005).  According to the Petition, Petitioner filed a habeas petition in San Bernadino County Superior Court.  (Pet. at 4–5).  While Petitioner contends that he does know when it was filed or decided (*see id.*), it appears that he filed it sometime after the beginning of 2024, when he learned about the "phenomenon of false memories" (*id.* at 10).  However, a state habeas petition filed after the expiration of the one-year AEDPA limitations period does not reset the limitations clock.  *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state [habeas] petition was filed."); *Roberts v. Marshall*, 627 F.3d 768, 771 n.4 (9th Cir. 2010) ("subsequent state petitions" filed after expiration of the AEDPA limitations period do not entitle petitioner "to any additional tolling"); *Meadows v. Biter*, 980 F. Supp. 2d 1148, 1151 (C.D. Cal. 2013) (the filing of a state petition after the AEDPA limitations period expired "cannot revive [the] statute of limitations and has no tolling effect") (citing *Ferguson*, 321 F.3d at 823).  Accordingly, it appears that the filing of the 2024 habeas petition in San Bernardino County Superior Court would not entitle Petitioner to statutory tolling and would not render the instant federal Petition timely.

If Petitioner wishes to avoid dismissal on timeliness grounds, his response to this Order to Show Cause should identify any errors in the foregoing analysis and provide any additional facts that would permit him to demonstrate that he is entitled to statutory tolling.  *See Banjo v. Ayers*, 614 F.3d 964, 967 (9th Cir. 2010) ("[The petitioner] bears the burden of proving that the statute of limitations was tolled.").  For example, to claim an entitlement to statutory tolling, Petitioner must identify any relevant state court filing not identified in this Order, such as any habeas petition filed in any state court prior to the limitations period expiring on April 29, 2021.  Petitioner must also indicate, to the extent possible, the court in which the state petition was filed, the case number, the date it was filed, and the date on which it was denied.  If possible, Petitioner should attach a copy of any such petition as an exhibit to his response to the Order to Show Cause.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.   EDCV 25-1855 WLH (PVC) | Date:  August 25, 2025 |
| Title   William Martin Delano v. Martin Gamboa, Warden | |

In addition to statutory tolling, the AEDPA limitations period may also be subject to equitable tolling if the petitioner can demonstrate both: (1) that he has diligently pursued his rights; and (2) that some extraordinary circumstance stood in his way.  *See Holland v. Florida*, 560 U.S. 631, 649 (2010).  "The petitioner must show that the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time."  *Porter v. Ollison*, 620 F.3d 952, 959 (9th Cir. 2010) (citation omitted).  "The threshold necessary to trigger equitable tolling under the AEDPA is very high, lest the exceptions swallow the rule."  *Mendoza v. Carey*, 449 F.3d 1065, 1068 (9th Cir. 2006) (citation omitted); *accord Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010).

Petitioner is advised that he bears the burden of demonstrating an entitlement to equitable tolling.  *See Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002) (habeas petitioners have the burden of proof to show both diligence and extraordinary circumstances to warrant equitable tolling); *Rudin v. Myles*, 781 F.3d 1043, 1055 (9th Cir. 2015) (a habeas petitioner "bears a heavy burden to show that she is entitled to equitable tolling").  If, for example, Petitioner contends that he is entitled to equitable tolling, he must show that he diligently sought to pursue his claims after he was sentenced in May 2019 but was prevented from doing so by circumstances beyond his control.  *See Holland*, 560 U.S. at 653 ("The diligence required for equitable tolling purposes is 'reasonable diligence,' 'maximum feasible diligence[.]'") (internal citations omitted).  Petitioner must also identify the period or amount of time he contends that the statute of limitations should be equitably tolled.

Here, Petitioner contends that he is entitled to equitable tolling because it was not until sometime in early 2024 that he learned about the phenomenon of false memories. (Pet. at 5, 10).  He asserts that "once [he] discovered that there was legitimate scientific evidence that false memories actually occur, and that this phenomenon could have [a]ffected the outcome of his trial, he diligently sought to raise these claims in state court."  (*Id.* at 11).  Petitioner is cautioned, however, that the "phenomenon of false memories" does not appear to be the factual predicate of a new claim that could not have

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 25-1855 WLH (PVC)                                 Date:  August 25, 2025

Title          William Martin Delano v. Martin Gamboa, Warden

been brought earlier.  Petitioner does not need such a "phenomenon" to argue that a witness's testimony was unreliable because of faulty memory.  *See, e.g.*, White v. Covello, No. 8:20 CV 00814 JLS KES, 2020 WL 2572463, at *6 (C.D. Cal. May 21, 2020) ("Petitioner did not require [a new study on the effects of alcohol on memory loss] to argue that witnesses' testimony was unreliable because they were intoxicated at the time of the events about which they were testifying."); McAuley v. Ryan, No. 14-cv-01756, 2015 WL 4594521, at *2 (D. Ariz. July 30, 2015) ("[T]he NAS report does not qualify as the 'factual predicate' of his new claim.  Rather, the factual predicate of Petitioner's claim is the fiber, tire track, and shoe print evidence, which Petitioner was aware of at the time of trial. ... To any extent Petitioner argues that it is the unreliability of the evidence that is the predicate of his claim, the NAS report was not key to discovering that fact.").

### Exhaustion

A state prisoner must exhaust his state court remedies before a federal court may consider granting habeas corpus relief.  28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  To satisfy the exhaustion requirement, a habeas petitioner must present his federal claims in the state courts to give the state the opportunity to pass upon and correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*); *see also O'Sullivan*, 526 U.S. at 845 (habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process).  The petitioner must present his claims to the highest state court with jurisdiction to consider them or demonstrate that no state remedy remains available.  *See Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (*en banc*).

Here, it appears that Petitioner has not yet exhausted his habeas claims in the state courts.  (*See* Pet. at 5–6) (acknowledging that Petitioner did not raise one of his habeas claims in the California Supreme Court).  Moreover, this Court has reviewed the California Appellate Courts Case Information website, *see supra* n.3, and cannot locate

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 25-1855 WLH (PVC)                              Date:  August 25, 2025

Title   William Martin Delano v. Martin Gamboa, Warden

any habeas petitions filed by Petitioner in the California Supreme Court.  <u>Therefore, even if Petitioner is entitled to equitable tolling it is completely unexhausted and subject to dismissal.</u>

A federal district court has the authority to stay and hold in abeyance a totally unexhausted habeas corpus petition.  *See Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016) ("[A] district court has the discretion to stay and hold in abeyance fully unexhausted petitions under the circumstances set forth in *Rhines* [*v. Weber*, 544 U.S. 269 (2005)]."). However, under *Rhines*, a stay and abeyance is "only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id*. at 277; *accord Jackson v. Roe*, 425 F.3d 654, 660–61 (9th Cir. 2005).  Further, even if Petitioner was able to establish good cause for his failure to exhaust his claim, granting a *Rhines* stay would be futile if Petitioner's claim is otherwise untimely, as discussed above.  *See Espana v. Hetton*, No. CV 18-06137, 2019 WL 13036409, at *4 (C.D. Cal. Sept. 9, 2019) ("Even if Petitioner was able to establish good cause for his failure to exhaust his claims, granting a *Rhines* stay would be futile as his claims are untimely under federal law."), *report and recommendation adopted*, No. 2:18 CV 06137, 2019 WL 5538420 (C.D. Cal. Oct. 24, 2019), *judgment entered*, No. 2:18 CV 06137, 2019 WL 5538421 (C.D. Cal. Oct. 24, 2019).

### Conclusion and Order

For the reasons stated above, based upon the Petition as currently submitted, the statute of limitations triggered by 28 U.S.C. § 2244(d)(1)(A) appears to bar this action.  Petitioner is therefore **ORDERED TO SHOW CAUSE**, within **30 days** of the date of this Order, why this action should not be dismissed as untimely pursuant to the AEDPA one-year limitations period.  Petitioner is also advised to inform the Court of any reason why he may be entitled to statutory or equitable tolling.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 25-1855 WLH (PVC)                              Date:  August 25, 2025

Title         William Martin Delano v. Martin Gamboa, Warden

After the Court receives a response to the Order to Show Cause, the Court may prepare a Report and Recommendation for submission to the District Judge.  This Order is not dispositive of any of Petitioner's claims.

**Instead of filing a response to the instant Order, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). <u>A Notice of Dismissal form is attached for Petitioner's convenience</u>.  However, Petitioner is advised that any dismissed claims may be later subject to the statute of limitations under 28 U.S.C. § 2244(d)(1), which, as amended by AEDPA, provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."**

**Petitioner is expressly warned that the failure to file a timely response to this Order to Show Cause may result in a recommendation that this action be dismissed with prejudice for his failure to prosecute and comply with Court orders.  *See* Fed. R. Civ. P. 41(b).**

The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record.

IT IS SO ORDERED.

|  | 00:00 |
|---|---|
| Initials of Preparer | mr |